UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIEKERT AG,

    Plaintiff,

v.

MAGNA INTERNATIONAL, INC., and
MAGNA CLOSURES OF AMERICA, INC.,

    Defendants.
_____/

Case No.:

Hon.

BODMAN PLC
By: Dennis J. Levasseur (P39778)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
dlevasseur@bodmanlaw.com
Telephone: (313) 393-7596
Facsimile: (313) 393-7579

-and-

WHITE & CASE LLP
By: Bijal V. Vikal (Cal. Bar No. 192878)
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, California 94306
bvakil@whitecase.com
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Admission Pending

Attorneys for Plaintiff Kiekert AG
_____/

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Kiekert AG ("Kiekert") for its Complaint against Defendants Magna International, Inc. and Magna Closures of America, Inc. ("Magna"), alleges:

## NATURE OF THE ACTION

1   This is an action for patent infringement of United States Patent No. 5,634,677 ("the '677 Patent") (attached hereto as Exhibit A) pursuant to the patent laws of the United States, Title 35, United States Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

## THE PARTIES

2   Plaintiff Kiekert is a corporation duly organized, existing under the laws of, and having its principal place of business in the Federal Republic of Germany. Kiekert is registered to do business in the state of Michigan as Keykert USA, Inc., with offices at 46941 Liberty Drive, Wixom, MI 48393.

3   Kiekert owns all right, title, and interest to the '677 Patent, including the exclusive right to enforce the '677 Patent, the exclusive right to license the '677 Patent, and the exclusive right to seek and collect all past and future monetary or injunctive relief for infringement of the '677 Patent.

4   Kiekert is the world leader in latches for automobiles, supplying latches to automobile manufacturers around the world for over 100 years. Kiekert has developed and produced over 200 families of automobile latches with up to 96 latch variants for each family.

5   Upon information and belief, Defendant Magna International, Inc. is a corporation organized in Ontario, Canada, with a principal place of business at 337 Magna Drive, Aurora, Ontario, Canada. Upon information and belief, Magna International, Inc.'s agent of service is Corporation Services Company, located at 1180 Avenue of the Americas, Suite 210 New York, NY 10036.

6   Upon information and belief, Defendant Magna Closures of

America, Inc. is a corporation organized under the state of Michigan, with a principal place of business at 39600 Lewis Dr., Novi, Michigan 48377. Upon information and belief, Magna Closures of America, Inc. may be served with process through its registered agent CSC – Lawyers Incorporating Service, located at 601 Abbot Rd, East Lansing, Michigan 48823.

## JURISDICTION AND VENUE

7	This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

8	Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

9	Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Michigan and within the Eastern District of Michigan.

10	Upon information and belief, Magna has regularly conducted business in this District, has committed, and is continuing to commit acts of patent infringement in this District by making, using, importing, selling, or offering to sell automobile latches that infringe Kiekert's '677 Patent.

## INFRINGEMENT OF U.S. PATENT NO. 5,634,677

11	On June 3, 1997, United States Patent No. 5,634,677 was duly and legally issued for an invention entitled "Power-Locking Motor-Vehicle Door Latch." Kiekert is the assignee of all rights, title, and interest in the '677 Patent, including the right to recover damages for past infringement. A true and correct copy of the '677 Patent is attached hereto as Exhibit A.

12	Magna has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '677 Patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority,

automotive latches.

13. Magna latches that embody at least claim 1 of the '677 Patent include, without limitation, latch model Gen I, part number 13503149.

14. Magna infringes (literally and/or under the doctrine of equivalents) the '677 Patent by others, including automobile manufacturers, in violation of 35 U.S.C. § 271(c) by providing automobile latches that are not suitable for substantial non-infringing use, are specially adapted for an infringing use of the '677 Patent, and embody a material part of the inventions claimed within the '677 Patent.

15. Magna actively induces others, including automobile manufacturers, to directly infringe the '677 Patent, in violation of 35 U.S.C. § 271(b),(f) by providing products including those listed above with instructions or technical assistance, actively assisting and encouraging infringement of the '677 Patent, and/or by providing automobile latches having a core and common feature leading to third-party infringement of the '677 Patent.

## FIRST CLAIM
## PATENT INFRINGEMENT AGAINST MAGNA

16. The Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 15 and incorporates them by reference.

17. Magna has infringed and/or continues to infringe one or more claims of the '677 Patent as set forth above. Magna is liable for direct and/or indirect infringement pursuant to 35 U.S.C. § 271 (a), (b), (c), and/or (f) as set forth above. Magna is liable for indirect infringement pursuant to 35 U.S.C. § 271 (b), (c), and/or (f) by supplying others with components or products that were especially made in a manner covered by the '677 Patent and do not have a substantial non-infringing use, and inducing others to generate products covered by the claims of the '677 Patent with knowledge of the '677 Patent, and with knowledge that the acts it was causing would be covered by the claims of the '677 Patent.

18      Magna has engaged and is engaging in willful and deliberate infringement of the '677 Patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. §285.

19      Magna's acts of infringement have caused damage to Kiekert. Kiekert is entitled to recover from Magna the damages sustained by Kiekert as a result of Magna's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Magna has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Kiekert for which there is no adequate remedy at law, and for which Kiekert is entitled to injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment as follows:

20      that Defendants have infringed, directly and/or indirectly, one or more claims of the '677 Patent;

21      requiring Defendants to pay Kiekert's actual damages;

22      requiring Defendants to pay Kiekert supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, together with an accounting as needed;

23      requiring Defendants to pay to Kiekert pre-judgment and post-judgment interest on the damages awarded at the maximum rate provided by law;

24      a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees and/or costs in connection with this case;

25      enjoining Defendants, their agents, employees, representatives, successors and assigns, and those acting in privity or in concert with it from further infringement of the '677 Patent as described in this action;

26   in the event a final injunction is not awarded, awarding a compulsory ongoing royalty; and

27   awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: July 6, 2012

Respectfully submitted,

BODMAN, PLC

By:  /s/ Dennis J. Levasseur
Dennis J. Levasseur (P39773)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
dlevasseur@bodmanlaw.com
Telephone:  (313) 393-7596
Facsimile:   (313) 393-7579

-and-

WHITE & CASE LLP
By: Bijal V. Vakil (Cal. Bar No. 192878)
5 Palo Alto Square, 9th Floor
3000 El Camino Real
Palo Alto, CA  94306
bvakil@whitecase.com
Telephone:  (650) 213-0300
Facsimile:   (650) 213-8158
*Pro Hac Vice* Pending

Attorneys for Plaintiff Kiekert AG